## Jones v. Commonwealth.

(Decided June 9, 1911.)

### Appeal from Campbell Circuit Court.

Manslaughter—Indeterminate Sentence—On the trial of this case the jury found appellant guilty of voluntary manslaughter and fixed his punishment at confinement in the penitentiary for an indeterminate period not less than two nor more than twenty-one years. Held that the evidence authorized the verdict.

BLAIR & McLAUGHLIN for appellant.

JAMES BREATHITT, Attorney General, and THEO. B. BLAKEY, Assistant Attorney General, for Commonwealth.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant prosecutes this appeal from a verdict and judgment finding him guilty of voluntary manslaughter, under an indictment for murder, and fixing his punishment at confinement in the penitentiary for an indeterminate period, of not less than two nor more than twenty-one years.

It appears from the record that appellant, at a saloon entrance in Dayton, inflicted wounds upon one George Beinker with a knife of which he died on the following day. The evidence showed his enmity toward deceased and its continuance for several weeks before the killing; also that he indulged in threats against him. It also showed that one hour before the cutting he be stowed upon deceased, in his hearing, an insulting

epithet, which the latter did not resent; that an hour later they met in a saloon and angry words passed between them, following which and a reprimand from the saloon keeper, appellant left the saloon. Down to this point there was no conflict in the evidence. Other evidence introduced by the Commonwealth conduced to prove that deceased remained in the saloon a half hour after appellant's departure and then left it by a side entrance and upon getting out of the saloon was met by appellant who attacked him and cut him with a knife; that in attempting to protect himself from the knife in the hands of appellant deceased struggled with and threw him to the ground, but immediately jumped up and ran into the saloon with blood streaming from his wounds.

Evidence introduced in appellant's behalf conduced to prove that he returned to the saloon with a friend not knowing deceased was still there; that upon his reaching the side entrance to the saloon he was met by deceased coming out; that the latter immediately struck and threw him to the ground; and that appellant while on the ground beneath deceased, cut him in his necessary self defense. These facts all went to the jury and it is not improper to say that the evidence as a whole authorized the verdict returned by them.

Appellant moved for a new trial upon the grounds, first, that the verdict was flagrantly against the evidence; second; that the court erred in admitting incompetent evidence; third, that the jury were not properly instructed.

The first of these grounds we have already disposed of. The second is untenable, for the record wholly fails to show the admission of any incompetent evidence.

The third ground is wholly devoid of merit. We have rarely seen instructions that so fully, briefly and clearly gave the law applicable to the case presented, as did those given by the court on appellant's trial.

No reason is apparent for disturbing the verdict. Therefore, the judgment is affirmed.